People v Lebron (2024 NY Slip Op 50643(U))

[*1]

People v Lebron

2024 NY Slip Op 50643(U)

Decided on May 30, 2024

Criminal Court Of The City Of New York, Bronx County

González-Taylor, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 30, 2024
Criminal Court of the City of New York, Bronx County

The People of the State of New York,

against
Lieliz Lebron, Defendant.

Docket No. CR-022605-23BX

For the People: Darcel D. Clark, District Attorney, Bronx County
(by: ADA Jennifer Rentrope)
For the Defendant: The Bronx Defenders
(by: Lawrence Pierce, Esq.)

Yadhira González-Taylor, J.

On May 17, 2024, this Court issued a Decision and Order which, inter alia, directed the People to disclose records of prior convictions for their complainant, A.D., NYSID # XXXX, including dockets CR-011852-22BX and CRH-026328-11BX; and which directed the People to file and serve a supplemental CoC certifying compliance with their disclosure obligations concerning the complainant. 
By email dated May 20, 2024, the assigned ADA advised the Court that the People maintained their position that the complainant has no conviction history based upon their own search and, further, that defendant would have to move this Court for an unsealing order because the two dockets identified by defense counsel as belonging to the complainant had been sealed. By email dated May 21, 2024, defense counsel countered that the prosecution had to move for the unsealing order because the Court had already directed the parties to disclose the complainant's conviction records. 
In response to the Court's directive to submit a joint letter briefing the parties' respective positions, on May 24, 2024, defense counsel alternatively argued that the Court should exercise its discretionary power to unseal records to both fulfill a legal mandate of the Criminal Procedure Law ("CPL") and to safeguard defendant's right to cross-examine the complainant.[FN1]
DISCUSSION
As a threshold matter, in People v Nichols, this Court found that "where CPL § 160.50 narrowly prescribes the circumstances that may warrant unsealing of a record which has been [*2]favorably disposed for the complainant, but which may include exculpatory information for a defendant [ ] (t)he People have no standing to make an application to unseal records except where the accused has moved for an order to seal charges pursuant to either CPL §§ 170.56 or 210.46, both of which concern adjournments in contemplation of dismissal of cases involving marijuana" (see Nichols, 79 Misc 3d 1211[A], 2023 NY Slip Op 50591[U], *6 [Crim Ct, Bronx County 2023] [internal citations omitted]). 
Accordingly, defense counsel correctly concedes that the prosecution has no basis at bar to move to unseal the complainant's conviction files but maintains that the Court has discretionary power to unseal the records (see Hynes v Karassik, 47 NY2d 659, 664 [1979] ["Though the statute, therefore, embodies stringent safeguards by which court records may remain confidential, in appropriate cases courts have called upon a power, traditionally labeled inherent, to provide similar relief when the interests of justice so dictate"] citing CPL §§ 160.50 [1], [2], and [3]).
Consequently, defense counsel now avers that it would be impossible to fulfill the CPL mandate without the Court's intercession and cites to People v Alexander in support of the proposition that the Court should unseal complainant's records because they are discoverable pursuant to CPL § 245.20 (1) (p) (see Alexander, 67 Misc 3d 620, 622 [Sup Ct, Queens County 2020]). However, a major consideration in that court's decision to unseal was the fact that, due to a clerical error, some police documents were inadvertently sealed following the dismissal of a case against a person with the same name who had been wrongfully arrested. Hence, the Alexander court found that its exercise of discretion to unseal was warranted not merely because the 911 call, radio run, and Sprint report records were automatically discoverable materials and necessary for the defendant's preparation for trial, but because the records should not have been sealed in the first instance (see Alexander at 622).
Next, defense counsel invokes the holdings in People v Davis and People v Rouse for the proposition that the policy considerations which seek to shield a party from the loss of privacy and risk of opprobrium by the sealing of criminal records after a favorable disposition must yield to a defendant's constitutional rights of confrontation and, thus, the Court should exercise its discretion to unseal the complainant's criminal records (see Davis, 67 Misc 3d 391, 399 [Crim Ct, Bronx County 2020] [The court granted an unsealing order to facilitate an in camera inspection of Giglio documents which concerned an IAB determination that testifying officers were unbelievable witnesses]; see also, Rouse, 34 NY3d 269, 275 [2019] [The court noted the importance of cross examination as a "preeminent truth-seeking" device]). 
However, the facts at bar demonstrate neither extraordinary circumstances nor any bar to CPL § 245.20 (1) (p) disclosure where defendant has already procured information concerning the complainant's convictions which would have satisfied the People's mandate had the sealing of the records not relieved them of their duty to disclose. Specifically, in defendant's motion to dismiss, defense counsel has recited the docket numbers, dates of conviction, penal law sections violated and county of conviction for both dockets. This information is consistent with a body of case law which has interpreted CPL § 245.20 (1) (p) to require merely a list of convictions, rather than a complete record of convictions, along with the Penal Law sections alleged to have been violated, and the dates of convictions (see People v Davis, 78 Misc 3d 544, 549 [Sup Ct, Bronx County 2023] ["(T)o construe the adjective complete to include the underlying documents, as the defense contends, would inevitably lead to unfruitful arguments over what paperwork must be disclosed by the People. This could not have been the Legislature's intent in [*3]enacting the statute, which was aimed at improving basic fairness and openness in discovery, and not opening a Pandora's box"] [internal quotations omitted]; see also, People v Adeyemi, 32 AD3d 755, 756 [1st Dept 2006], lv denied 7 NY3d 865 [2006]; People v Graham, 289 AD2d 417, 418 [2d Dept 2001], lv denied 97 NY2d 754 [2002]). 
Given the information that has already been gathered by defense counsel, defendant will not be heard to complain that without an order from this Court to unseal the complainant's conviction records, her ability to obtain evidence to cross-examine the complainant about prior bad acts has been thwarted.

CONCLUSION
Based upon the foregoing, the Court AMENDS that part of its Decision and Order, dated May 17, 2024, which directed the People to disclose records of prior convictions for their complainant, A.D., NYSID # XXXX, including dockets CR-011852-22BX and CRH-026328-11BX, and which directed the People to file and serve a supplemental CoC certifying compliance with their disclosure obligations concerning the complaining witness; and further holds that:
The People had NO duty to procure docket numbers CR-011852-22BX and CRH-026328-11BX because these records were sealed and, therefore, not within their control, custody, or possession pursuant to CPL § 245.20 (1) (p); and
The People have NO statutory duty to move this Court for an order unsealing the complainant's docket numbers CR-011852-22BX and CRH-026328-11BX; and
The People's CoC, dated January 12, 2024, was deemed VALID by this Court and, thus, the People have satisfied their automatic disclosure mandate; and
The People are DIRECTED to comply with their continuing discovery obligations pursuant to CPL § 245, including Brady disclosures; and
This constitutes the opinion, decision, and order of the Court.
Dated: May 30, 2024
Bronx, New York
Hon. Yadhira González-Taylor, J.C.C.

Footnotes

Footnote 1:By email dated May 24, 2024, the assigned ADA acknowledged that she had not reviewed the joint letter briefing requested by the Court but advised that she had spoken to defense counsel and "(i)f the People have additional information to add, we will forward an additional document to supplement counsel's letter."